# REESE LLP

**Via CM/ECF**                                                                 June 13, 2025

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St., Chambers 533
White Plains, New York 10601

      Re:    *Pizarro v. Sazerac Company, Inc.*, No. 7:23-cv-2751-KMK

Dear Judge Karas,

      As set forth below, Plaintiff Pizzaro ("Plaintiff") respectfully requests that certain Exhibits ancillary to her Reply Memorandum in Support of her Motion for Class Certification be filed under seal.

      Pursuant to Your Honor's Individual Rules of Practice IX.A.ii, Plaintiff requests she be allowed to redact the highlighted portions of, and file under seal, portions of Plaintiff's Reply Memorandum in Support of her Motion for Class Certification, Exhibit 31 attached to the Declaration of Charles Moore in support thereof, the Reply Report of Dr. Andrea Lynn Matthews, the Reply Report of Dr. William Robert Ingersoll, as well as the Memorandum in Support of the Motion to Exclude Evidence.

      As the Court is no doubt aware, a similar action against Defendant Sazerac Company, Inc. ("Sazerac") for its Southern Comfort Malt products is currently pending before Judge Arun Subramanian. *See Del Rosario v. Sazerac Company, Inc.*, 1:23-cv-1060 (AS) (S.D.N.Y.) ("Southern Comfort Action"). The plaintiffs in the Southern Comfort Action are represented by Plaintiff's Counsel in this action. As part of the Southern Comfort Action, Judge Subramanian entered a general protective order, a copy of which is attached as Exhibit A to this Letter Motion ("Protective Order"). To avoid duplication of effort, the parties agreed that discovery conducted in the Southern Comfort Action could be used in this action.

      All of these briefs, reports, and exhibits discuss the contents of the documents that were designated as "Confidential" under the Protective Order by Sazerac. Under the terms of the Protective Order, by so designating that material, Sazerac has represented that such material consists of:

> "(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (b) previously nondisclosed material relating to ownership or control of any non-public company; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) any information of a personal or intimate nature regarding any

Letter Request to File Documents Under Seal
June 13, 2025
Page | 2

individual; or (e) any other category of information hereinafter given confidential status by the Court"

Case No. 1:23-cv-01060-AS, ECF No. 48, ¶ 2.

Under the terms of the Protective Order, "[a]ll Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. *Id.* at ¶ 6.

In light of Sazerac's designation of the documents as "Confidential" under the Protective Order, good cause exists to permit Plaintiff to file these documents under seal. In ruling on a motion to seal, the Court must balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006).

For these reasons, Plaintiffs respectfully request that the Court permit her to file the above-referenced documents under seal.

Granted.

So Ordered.

6/14/25

Respectfully submitted,

*/s/ Charles D. Moore*
Charles D. Moore
**REESE LLP**

cc:   All counsel of record, via CM/ECF