

CREIGHTON R. MAGID
(202) 442-3555
FAX (202) 315-3852
magid.chip@dorsey.com

February 10, 2026

**BY ECF**

The Hon. Kenneth M. Karas
United States District Judge
United States District Court for the Southern
District of New York
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    ***Cindy Koonce v. Sazerac Company, Inc., Case No. 7:23-cv-04323-KMK***
             ***Sharon Pizarro v. Sazerac Company, Inc., Case No. 7:23-cv-02751-KMK***

Dear Judge Karas:

    I represent Defendant Sazerac Company, Inc. in the above-referenced matters and write in response to Plaintiffs' February 6, 2026, letter requesting a pre-motion conference to set deadlines for pre-trial submissions.

    Plaintiffs seek to deny Sazerac an opportunity to present dispositive motions in these two matters. Plaintiffs' gambit should be denied.

    Deciding motions for class certification prior to motions for summary judgment is "the traditional route." *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 507 (E.D.N.Y. 2017); *see also Wood v. Mike Bloomberg 2020, Inc.*, No. 1:20-cv-2489-LTS, 2024 WL 1717882, at *1 (S.D.N.Y. Apr. 22, 2024) ("in general, issues relating to class certification should be decided before a decision on the merits is rendered") (quoting *DDMB, Inc. v. Visa, Inc.*, No. 05-MD-1720-MKB, 2021 WL 6221326, at *10 (E.D.N.Y. Sept. 27, 2021)). This is important "to clarify who will be bound by the decision." *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 336 (S.D.N.Y. 2009) (quoting *Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007)). The Court implicitly recognized this in its class certification opinion, in which Your Honor noted that issues remained to be determined on summary judgment. *See, e.g.*, Order [Dkt. 83] at 19 (concluding that issues regarding plaintiffs' damages model were premature, but that Sazerac may, of course, challenge the model and related expert testimony at summary judgment."). The Court issued that opinion on September 18, 2025 – two months *after* July 20, 2025, which Plaintiffs claim was a "deadline" for Sazerac to file dispositive motions.

    Throughout the life of these two matters, the Court has issued schedules for each phase as it became pertinent. Initially, Your Honor issued an order establishing a briefing schedule for Sazerac's motion to dismiss. [Dkt. 27] Next, Your Honor issued an order setting for a briefing schedule for Plaintiffs' class certification motions. [Dkt. 43] Magistrate Judge Krause issued an order regarding the completion of expert discovery. [Dkt. 61] The need to establish a deadline



The Hon. Kenneth M. Karas
February 10, 2026
Page 2

for Rule 702 motions and dispositive motions arose only last Wednesday, after the U.S. Court of Appeals for the Second Circuit denied Sazerac's Rule 23(f) Petition seeking interlocutory review of this Court's September 18, 2025, order granting class certification.  It would now be appropriate to solicit a proposed briefing schedule from both parties' counsel.

       Plaintiffs appear to have lost sight of Fed. R. Civ. P. 1, which makes clear that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Plaintiffs' assertion that the parties should have engaged in extensive, time consuming, and expensive briefing regarding summary judgment and the admissibility of testimony by Plaintiffs' retained experts either concurrently with briefing on class certification or before the Court had ruled on class certification is directly contrary to Rule 1.  The Court's rulings on a motion for summary judgment and on Rule 702 motions, moreover, likely will narrow the issues (if any) to be tried, further advancing the objectives of Rule 1.

       The cases cited by Plaintiffs are inapposite.  This is not a situation like that in *Picard v. Sage Realty*, No. 20 Civ. 10109 (JFK), 2021 WL 5830752, at *1 (S.D.N.Y. Dec. 8, 2021), in which the plaintiff first sought to move for summary judgment six months after the parties had jointly requested that the action proceed to a bench trial and provided a pre-trial scheduling order and only six weeks before the final pretrial conference.  Nor is it akin to *SBN v. FNBC, LLC*, Civ. No. 22-2853, 2023 WL 3860670, at *2 (E.D. La. Apr. 5, 2023), or *AcryliCon USA, LLC v. Silikal GmbH*, No. 1:14-cv-1072-TWT, 2016 WL 739542, at *3 (N.D. Ga. Feb. 24, 2016), both of which involved motions filed after deadlines in a scheduling order.  Rather, this is a matter in which the Court has issued schedules by phase of the case and has, in its class certification order, anticipated the filing of dispositive motions.  Further dispositive motions were not timely until a week ago, when the Second Circuit denied Sazerac's Rule 23(f) motions.  Accordingly, there is no basis for Plaintiffs' motion.  Plaintiffs' attempt to avoid a reckoning on the merits should be denied.

       Very truly yours,

       Creighton R. Magid

cc:    Counsel of Record (By ECF)