

CREIGHTON R. MAGID
(202) 442-3555
FAX (202) 442-3199
magid.chip@dorsey.com

April 13, 2026

**BY ECF**
The Hon. Kenneth M. Karas
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

> **Re:    *Cindy Koonce v. Sazerac Company, Inc.*, Case No. 7:23-cv-04323-KMK**
> **          *Sharon Pizarro v. Sazerac Company, Inc.*, Case No. 7:23-cv-02751-KMK**

Dear Judge Karas:

We are counsel to Defendant Sazerac Company, Inc. ("Sazerac") in the above-referenced matters and write in response to Plaintiffs' April 6 letter requesting permission to file a motion to exclude the declarations of Jessica Figueroa and James Restivo. There is no basis for Plaintiffs' proposed motion.

Ms. Figueroa and Mr. Restivo are fact witnesses who have submitted declarations authenticating and laying the foundation for reports prepared by their respective businesses. It is no surprise that Plaintiffs would prefer that the Court not consider the facts established by those reports; as Sazerac's summary judgment motion makes clear, the consumer information in the reports wholly undermines Plaintiffs' case and exposes the baselessness of Plaintiffs' experts' surveys. Because there is no legitimate reason to exclude the declarations and the reports, Plaintiffs resort to mischaracterizing Ms. Figueroa and Mr. Restivo as expert witnesses and seek to exclude the declarations on the grounds that Ms. Figueroa and Mr. Restivo were not disclosed as experts and that the declarations do not meet the requirements for expert reports. Because Ms. Figueroa and Mr. Restivo are *fact witnesses*, not expert witnesses, Plaintiffs' argument is baseless.

Ms. Figueroa and Mr. Restivo are employees, respectively, of Market Track, LLC, a market research firm that does business as "Numerator," and of Nielsen Consumer, LLC, a consumer intelligence company that does business as "NIQ." Both Numerator and NIQ produced the reports at issue in the ordinary course of their respective businesses.

Fed. R. Evid. 602 permits fact testimony as long as the witness has personal knowledge. Fed. R. Evid. 602; *U.S. v. Marsh*, 568 Fed. Appx. 15, 17 (2d Cir. 2014). By contrast, expert testimony is provided by someone without personal knowledge of the facts at issue, but who offers opinions based on specialized knowledge, training, or experience. *Id*.; Fed. R. Evid. 702. "A witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise[.]" *Marsh*, 568 Fed. Appx. at 17 (quoting *U.S. v. Rigas*, 490 F.3d 208, 224 (2d Cir.2007)).



The Hon. Kenneth M. Karas
April 13, 2026
Page 2

Ms. Figueroa and Mr. Restivo are fact witnesses, not expert witnesses.  Both meet the qualifications of a fact witness as they have personal knowledge of the Numerator slides and NIQ report, respectively, and personal knowledge of how their respective companies operate.  They do not offer opinions, nor do they offer testimony regarding facts of which they do not have personal knowledge.  Fed. R. Evid. 901(b)(1) specifically allows for authentication through the testimony of a fact witness who has personal knowledge of the document.  *See, e.g., Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 128 (2d Cir. 2016) (finding that testimony from a witness with knowledge, such as an employee who had seen the original loan documents, was sufficient to authenticate photocopies of those documents under Rule 901(b)(1)).

It does not matter that the Numerator slides and NIQ report are based on data collected through purchase receipts and surveys.  Courts have consistently held that fact witnesses may authenticate a report as a business record, even when that report contains data or statistics.  *See, e.g., U.S. v. Ovies*, 783 Fed. Appx. 704, 707 (9th Cir. 2019) ("The district court did not abuse its discretion by allowing [the witness] to testify about using Cellebrite to extract data from [the defendant's] cell phone without first qualifying him as an expert witness. . .."); *Marsh*, 568 Fed. Appx. at 17 (witness "did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts" when he "testified to the contents of the messages [he] retrieved from [a] phone."); *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1133 (M.D. Fla. 2007) (A fact witness "is permitted to testify regarding the data obtained from such computers, the dates of the elimination of material from such computers, if based on fact and not opinion, and the procedures used to extract such information.").

Ms. Figueroa and Mr. Restivo are *fact witnesses* offering testimony based on their personal knowledge regarding, respectively, the Numerator slides and the NIQ report.  They are not expert witnesses subject to Fed. R. Evid. 702 or the report requirements of Fed. R. Civ. P. 26(a)(2)(B).  Consequently, there is no basis for Plaintiffs' proposed motion i*n limine*.

Very truly yours,

Creighton R. Magid

cc:    All Counsel of Record (By ECF)