
**DORSEY**
DORSEY + WHITNEY LLP

# MEMO ENDORSED

**CREIGHTON R. MAGID**
**(202) 442-3555**
**FAX (202) 315-3852**
**magid.chip@dorsey.com**

May 4, 2026

**<u>VIA ECF</u>**

The Honorable Kenneth M. Karas
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Pizarro v. Sazerac Company, Inc.*, Case No. 7:23-cv-02751-KMK

Dear Judge Karas:

We are counsel to Defendant Sazerac Company, Inc. ("Sazerac") in the above-referenced matter. Per the Court's Individual Rule 11, Sazerac submits this letter requesting the Court's permission to seal certain materials that reference proprietary, commercially sensitive, or trade secret information that was filed by Sazerac in connection with its motion for summary judgment and motions to exclude the testimony of William Robert Ingersoll and Andrea Lynn Matthews on March 31, 2026 and that Sazerac requested be kept under seal (the "Documents"). Plaintiff Pizarro also requested to file portions of her briefs in response to these motions under seal. Sazerac will provide the Court with proposed redactions for each of these filings.

Sazerac seeks to file under seal the following documents:

- The Reply in Support of Motion for Summary Judgment, which includes numerous references to the Documents. If the Court would prefer, Sazerac can provide a redacted version of the Reply.

- The Reply in Support of Motion to Exclude Testimony of William Robert Ingersoll, which includes numerous references to the Documents. If the Court would prefer, Sazerac can provide a redacted version of the Reply.

- The Reply in Support of Motion to Exclude Testimony of Andrea Lynn Matthews, which includes numerous references to the Documents. If the Court would prefer, Sazerac can provide a redacted version of the Reply.

- The Response to Plaintiff's Statement of Additional Material Facts which includes numerous references to highly confidential documents referenced in Plaintiff's



**MEMO ENDORSED**

The Hon. Kenneth M. Karas
May 4, 2026
Page 2

Statement of Additional Material Facts and which Plaintiff filed under seal. If the Court would prefer, Sazerac can provide a redacted version of the Response.

As explained in Sazerac's March 31, 2026 letter, the Documents constitute confidential business information that is appropriate to seal because disclosure of their contents could cause Sazerac competitive harm. Confidential sales, pricing, and marketing information warrants protection from disclosure. *See, e.g., IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Internal documents and unpublished drafts that contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(G)"); *Vesta Corset Co. v. Carmen Founds., Inc.*, 1999 WL 13257, at *2 (S.D.N.Y. Jan. 13, 1999) ("Pricing and marketing information are widely held to be 'confidential business information' that may be subject to a protective order."). It is similarly well established that "[c]onfidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing).

Sazerac respectfully requests that the Court permit it to file the above-referenced documents under seal.

As explained in the Court's earlier decisions on sealing requests in this Action, documents placed before the Court in conjunction with a motion are undoubtedly judicial documents subject to the common law right of access and a First Amendment right of access. *Pizzaro v. Sazerac Co.*, No. 23-CV-2751, 2026 WL 296593, at *3, 6 (S.D.N.Y. Feb. 3, 2026). "In many commercial lawsuits," including this one, "courts are confronted with requests to seal documents that contain trade secrets and proprietary information." *Bristol-Myers Squibb Co. v. Novartis Pharma AG*, No. 22-CV-462, 2022 WL

Respectfully,

Creighton R. Magid

Cc: All Counsel of Record (by ECF)

2133826, at *5 (S.D.N.Y. June 14, 2022). "When a party points out that a judicial document contains such information and offers good reason why that information should remain confidential, courts routinely engage in sealing – limited, of course, to what actually qualifies as proprietary information or trade secrets. The mere mention of proprietary information or trade secrets in a judicial document affords no basis to seal that document in its entirety, as [Sazerac] asks this court to do; that is not a "narrowly tailored" request." *Id.* Accordingly, the Court will not permit Sazerac to leave the entirety of these documents under seal. Instead, as proposed in the letter, Sazerac should provide redacted copies of the materials, with any redactions narrowly tailored to encompass only those pieces of information that are commercially-sensitive.

So Ordered.

May 19, 2026